# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KATHRYN L. SCARBOROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:25-cv-03584-MLB-LTW |
| GIRL SCOUTS OF GREATER ) | |
| ATLANTA, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Girl Scouts of Greater Atlanta, Inc. (hereinafter "GSGA" or "Defendant") and hereby submits this, its Answer, Defenses, and Affirmative Defenses to the Complaint ("Complaint") filed by Kathryn L. Scarborough ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

1. Defendant admits that Plaintiff was employed with GSGA from August 21, 2017 to January 23, 2024. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2. The allegations set forth in Paragraph 2 of the Complaint are conclusions of law to which no response is required. To the extent further response

is required, Defendant does not dispute this Court has subject matter jurisdiction and supplemental jurisdiction over Defendant for purposes of this action. Defendant denies that the alleged acts were committed and denies any liability to Plaintiff whatsoever.

3. The allegations set forth in Paragraph 3 of the Complaint are conclusions of law to which no response is required. To the extent further response is required, Defendant does not dispute this Court venue lies proper for the purposes of this action. Defendant denies that the alleged acts were committed and denies any liability to Plaintiff whatsoever.

4. Plaintiff's Charge of Discrimination is a written document that speaks for itself. Plaintiff's Right to Sue Letter is a written document that speaks for itself.

## PARTIES

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7. Defendant hired Plaintiff on August 21, 2017 and promoted her to Regional Executive on August 30, 2021.

8. Defendant denies as stated the allegations contained in Paragraph 8 of the Complaint.

9. Defendant states it is without knowledge or information as to the allegations contained in Paragraph 9 of the Complaint and, accordingly, all such allegations are denied.

## STATEMENT OF THE CLAIMS

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits only that Plaintiff met with Jennifer Caraballo to discuss Plaintiff's interpersonal concerns with Krystal Pickett. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies as stated the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits, that during a group meeting, Kyrstal Pickett stated that "no one's job is safe right now." Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits only that Plaintiff took FMLA leave from September 16, 2024 to October 7, 2024. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits only that Ms. Pickett had access to Plaintiff's email while she was out on FMLA leave for legitimate business reasons. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff emailed Ms. Caraballo regarding Ms. Pickett having access to Plaintiff's emails during her FMLA leave. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that Ms. Pickett sent a recap email to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff sent Ms. Caraballo an email she deemed as a "formal complaint" on October 23, 2024.

25. Defendant admits that Ms. Caraballo's investigation into Plaintiff's concerns found no evidence of unlawful activity. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff emailed Ms. Caraballo about the conclusion of the investigation. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits that Ms. Caraballo told Plaintiff to discuss applying to a different position with her supervisor and then to apply for the position.

28. Defendant admits that Plaintiff resigned on January 15, 2024. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff's last day of work was on January 23, 2024. Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Plaintiff's Georgia Department of Labor Determination is a written document that speaks for itself. Any attempt to characterize its content is denied.

## COUNT I
## DISABILITY DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

31. Defendant incorporates its responses to the foregoing paragraphs as if they were fully set forth herein.

32. The allegations contained in Paragraph 32 of the Complaint state legal conclusions for which no response is required. To the extent Plaintiff contends a response is required, the allegations are denied.

33. Defendant admits that Plaintiff discussed her conditions. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

**COUNT II**
**RETALIATION IN VIOLATION OF THE ADA**

43. Defendant incorporates its responses to the foregoing paragraphs as if they were fully set forth herein.

44. The allegations contained in Paragraph 44 of the Complaint state legal conclusions for which no response is required. To the extent Plaintiff contends a response is required, the allegations are denied.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT III
## INTERFERENCE IN VIOLATION OF THE FMLA

48. Defendant incorporates its responses to the foregoing paragraphs as if they were fully set forth herein.

49. Defendant admits the allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits the allegations contained in Paragraph 50 of the Complaint.

51. Defendant admits that Plaintiff was granted FMLA leave from September 16, 2024 to October 7, 2024.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FMLA

54. Defendant incorporates its responses to the foregoing paragraphs as if they were fully set forth herein.

55. Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Plaintiff's Georgia Department of Labor Determination is a written document that speaks for itself. Any attempt to characterize its content is denied.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Georgia State Law – Supplemental Jurisdiction)**

61. Defendant incorporates its responses to the foregoing paragraphs as if they were fully set forth herein.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

## PRAYER FOR RELIEF

Responding to the unnumbered Paragraph immediately following Paragraph 69 of the Complaint, beginning "WHEREFORE," and constituting Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief whatsoever under any theory at law or in equity, whether sought by Plaintiff in subparts (1) through (9) of the same Paragraph or otherwise. Responding further, Defendant denies that it has violated any statute, or that it has otherwise committed any wrongdoing with respect to Plaintiff.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that is not expressly and unequivocally admitted.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES[1]

Defendant asserts the following additional defenses (affirmative or otherwise) to the Complaint. Defendant does not assume the burden of proof on any such defense, except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to assert additional defenses and/or to otherwise supplement this Answer in accordance with applicable law and orders of the Court.

## FIRST DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state claims upon which relief can be granted.

## SECOND DEFENSE

At all times, Defendant's actions with regard to Plaintiff have conformed with all applicable federal and state laws, rules, and regulations, and Plaintiff's rights have not been violated.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

## THIRD DEFENSE

All actions taken by Defendant regarding Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons, and, as such, did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff could demonstrate that discrimination or retaliation played a motivating part in any action at issue in this case, the same action would have been taken for legitimate, non-discriminatory and non-retaliatory reasons.

## FORUTH DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendant never acted with malice or reckless indifference towards Plaintiff.

## FIFTH DEFENSE

To the extent Plaintiff alleges one or more employees of Defendant discriminated against her, retaliated against her, or acted in a tortious or vexatious fashion, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not directed, authorized, condoned or ratified by Defendant, and was taken without the knowledge or consent of Defendant. Accordingly, Defendant cannot be held liable for such conduct if it occurred.

## SIXTH DEFENSE

Plaintiff's Complaint may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate her claimed damages.

## SEVENTH DEFENSE

Defendant never, either intentionally or willfully, violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her employment. At no time did Defendant act with any intent to injure or otherwise cause harm to Plaintiff.

## EIGHTH DEFENSE

Any damages that Plaintiff suffered were the direct and proximate result of her own actions and/or inactions, including, but not limited to, her own negligence or assumption of the relevant risks.

## NINTH DEFENSE

Plaintiff is not entitled to any of the relief whether it be equitable, declaratory, legal or attorneys' fees – requested against Defendant; however, to the extent she is entitled to any damages or other relief, which she is not, any such damages or relief is limited to the relief allowable under the applicable provisions of the ADA and FMLA. Plaintiff's Complaint fails to state a claim for punitive, actual, special, exemplary, liquidated, equitable, and/or compensatory damages.

## TENTH DEFENSE

At all times, Defendant acted in good faith.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times Plaintiff was an at-will employee of Defendant.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages Plaintiff allegedly suffered are too remote to form the basis for any recovery against Defendant.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not qualified to perform the essential functions of her job.

## FOURTEENTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the types or amounts allowed by law.

## FIFTEENTH DEFENSE

Any claim of discrimination is barred, and any recovery of damages is precluded, because Defendant exercised reasonable care to prevent and promptly correct any unlawful behavior.

## SIXTEENTH DEFENSE

At all times, Defendant acted in accordance and in good faith compliance with all federal and state laws. Defendant has a well-disseminated and consistently

enforced policy against discrimination, and a reasonable and available procedure for receiving and investigating complaints. To the extent Plaintiff unreasonably failed to use or otherwise avail himself of these policies, procedures and preventive or corrective mechanisms, her claims are barred.

## SEVENTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence defense.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend or add any additional defenses or affirmative defenses or counterclaims which become known during the course of this action.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that:

(1) Judgment is entered in favor of GSGA and this action dismissed with prejudice;

(2) Judgment is entered in favor of GSGA for all costs and attorneys' fees incurred by it in the defense of this action; and

(3) GSGA recovers such other and further relief as this Court may deem just and proper.

This 24th day of July, 2025.

**JACKSON LEWIS P.C.**

*/s/ Tracie Maurer Johnson*
Tracie Maurer Johnson
Georgia Bar No. 395670
Najmah James
Georgia Bar No. 867659
JACKSON LEWIS P.C.
171 17th Street, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
Fax: (404) 525-1173
Tracie.Maurer@jacksonlewis.com
Najmah.james@jacksonlewis.com
*Attorneys for Defendant*

## **CERTIFICATION**

In accordance with Civil Local Rules 5.1(C) and 7.1(D), I hereby certify that this document has been prepared in 14-point, Times New Roman font.

*/s/ Tracie Maurer Johnson*
Tracie Maurer Johnson
Georgia Bar No. 395670

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHRYN L. SCARBOROUGH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GIRL SCOUTS OF GREATER ) <br> ATLANTA, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION FILE NO. <br> <u>1:25-cv-03584-MLB-LTW</u> |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July, 2025, a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed with the Clerk of the Court via the NextGen system which will automatically send an email notification of such filing to the following:

Kathryn L. Scarborough
4392 Old Mabry Place
Roswell, GA 30075
Katyscarborough@gmail.com

*Plaintiff Pro Se*

/s/ *Tracie Maurer Johnson*
Tracie Maurer Johnson
Georgia Bar No. 395670