IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHRYN L. SCARBOROUGH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GIRL SCOUTS OF GREATER ) <br> ATLANTA, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION FILE NO. <br> <u>1:25-cv-03584-MLB-LTW</u> |

**<u>DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY PLAN</u>**

Defendant Girl Scouts of Greater Atlanta, Inc., ("GSGA" or "Defendant"), by and through its undersigned counsel, hereby submit this Preliminary Report and Discovery Plan.

**1.     Description of Case:**

   **(a)     Describe briefly the nature of this action.**

This is an employment case. Plaintiff brought her complaint against Defendant for violations of Title II of the Americans with Disabilities Act of 1990 (hereinafter the "ADA), the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et. seq. (hereinafter "FMLA"), and Intentional Infliction of Emotional Distress (state-law claim). Defendant denies that it engaged in any unlawful conduct

and further denies that Plaintiff is entitled to any relief.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff served as a Regional Executive. In her Complaint, she alleges that she was subjected to discrimination and retaliation based on her disability, her use of medical leave, and her complaints regarding her supervisor's alleged conduct related to those factors. She further claims that her employment was terminated because of her disability, use of medical leave, and complaints about her supervisor.

Defendant categorically denies Plaintiff's allegations of wrongdoing. Defendant asserts that Plaintiff voluntarily submitted her resignation on January 15, 2025, which Defendant accepted, and that Plaintiff's final day of employment was January 23, 2025.

**(c)     The legal issues to be tried are as follows:**

1. Whether Plaintiff can establish essential elements of her ADA discrimination and hostile work environment claim.

2. Whether Plaintiff can establish essential elements of her ADA retaliation claim.

3. Whether Plaintiff can establish essential elements of her FMLA interference claim.

4. Whether Plaintiff can establish essential elements of her FMLA retaliation claim.

5. Whether Plaintiff can establish essential elements of her Intentional Inflection of Emotional Distress claim.

6. Whether Defendant has legitimate, non-discriminatory and non-retaliatory reasons for its actions that Plaintiff cannot show were all false and a pretext for discrimination or retaliation.

7. Whether Plaintiff's claims are barred in whole or in part by Defendant's asserted defenses or affirmative defenses.

8. Whether Plaintiff is entitled to the damages she seeks.

9. Whether Plaintiff has mitigated her claimed damages.

10. Whether any party is entitled to recover attorneys' fees and/or costs.

**(d)    The cases listed below (include both style and action number) are:**
   **(1)    Pending Related Cases:**

None.

   **(2)    Previously Adjudicated Related Cases:**

None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

None.

    (1) Unusually large number of parties

    (2) Unusually large number of claims or defenses

    (3) Factual issues are exceptionally complex

    (4) Greater than normal volume of evidence

    (5) Extended discovery period is needed

    (6) Problems locating or preserving evidence

    (7) Pending parallel investigations or actions by government

    (8) Multiple use of experts

    (9) Need for discovery outside United States boundaries

    (10) Existence of highly technical issues or proof

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**(a) For the Plaintiff:**

Kathryn L. Scarborough
4392 Old Mabry Place
Roswell, GA 30075
Katyscarborough@gmail.com

*Pro se* plaintiff

**(b)   For the Defendant:**

Justin R. Barnes
Georgia Bar No. 105220
Najmah James
Georgia Bar No. 867659
JACKSON LEWIS P.C.
171 17th Street, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525 8200
Facsimile: (404) 525-1173
Email: Justin.Barnes@jacksonlewis.com
Email:  Najmah.James@jacksonlewis.com

**4.   Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes   __X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.   Parties to This Action:**

**(a)   The following persons are necessary parties who have not been joined:**

None.

**(b)   The following persons are improperly joined as parties:**

None.

    **(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

    **(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

    **(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None at this time.

    **(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:

None.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Defendant does not require a scheduling conference at this time.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Discovery will be needed on Plaintiff's claims, Defendant's defenses, and Plaintiff's alleged damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery**

**should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

None at this time but if the Parties need additional time beyond the standard 4-month discovery period, they will file a motion prior to the expiration of the discovery period.

**11.   Discovery Limitation:**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None.

**(b)   Is any party seeking discovery of electronically stored information?**

__X__ Yes      _____ No

**If "yes,"**

**(1)   The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Defendant agrees to exchange discovery electronically and will provide documents in searchable pdf, and if necessary native format. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court. Defendant anticipates the need for a Confidentiality and/or Protective Order

to the extent discovery concerning persons not parties to this action is sought and will work to provide a joint proposed Order for the Court.

**(2)  The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:**

See 11(b)(1) above.

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Defendant intends to seek a protective order of confidentiality.

**13.   Settlement Potential:**

**(a)   Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on <u>August 7, 2025</u>. Other persons who participated in the Rule 26(f) settlement discussions are listed according to party.**

For Plaintiff:

For Defendant:                           */s/ Najmah James*

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(   )   A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(   )   A possibility of settlement, but a conference with the judge is needed.

(   )   No possibility of settlement.

(c) **Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

(d) **The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 2025.

(b)     The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

This 25th day of August, 2025.

/s/ *Najmah James*
Najmah James
Georgia Bar No. 867659
Justin R. Barnes
Georgia Bar No. 105220
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
Fax: (404) 525-1173
Najmah.James@jacksonlewis.com
Justin.Barnes@jacksinlewis.com

Attorneys for Defendant

**FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KATHRYN L. SCARBOROUGH,   ) | |
|       ) | |
|   Plaintiff,   ) | |
|       ) | |
| v.   ) | CIVIL ACTION FILE NO. |
|       ) | 1:25-cv-03584-MLB-LTW |
| GIRL SCOUTS OF GREATER ATLANTA, INC.,   ) | |
|       ) | |
|   Defendant.   ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2025, I electronically filed the foregoing **DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY PLAN** via U.S. mail and email upon *pro se* Plaintiff at the following:

Kathryn L. Scarborough
4392 Old Mabry Place
Roswell, GA 30075
Katyscarborough@gmail.com

                                            */s/ Najmah James*
                                            Najmah James
                                            Georgia Bar No. 867659

FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHRYN L. SCARBOROUGH, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION FILE NO. ) 1:25-cv-03584-MLB-LTW |
| GIRL SCOUTS OF GREATER ATLANTA, INC., | ) ) ) |
| Defendant. | ) ) |

## **SCHEDULING ORDER**

Upon review of the information contained in Defendant's Preliminary Report and Discovery Plan form completed and filed by Defendant, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
UNITED STATES MAGISTRATE JUDGE